UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TINA S.[1]                                                                       PLAINTIFF

v.                                                                          NO. 3:21-CV-266-CRS

KILOLO KIJAKAZI,
Acting Commissioner of Social Security[2]                         DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court for consideration of the Report and Recommendation (DN 24) of the United States Magistrate Judge in this action seeking judicial review pursuant to 42 U.S.C. § 405(g) of the denial by the Commissioner of Social Security of plaintiff Tina S.'s claim for a period of disability and disability insurance benefits ("DIB") and for supplemental security income ("SSI").

The matter was referred to the United States Magistrate Judge for findings and recommendation. The United States Magistrate Judge conducted a review of the final decision of the Commissioner (DN 13, PageID #80-92), and concluded that substantial evidence supported the findings of Administrative Law Judge ("ALJ") D. Lyndell Pickett and ALJ Pickett's decision that Tina S. was not disabled. The Magistrate Judge recommended that the Commissioner's decision be affirmed. DN 24. Tina S. has filed objections to the Magistrate

---

[1] Pursuant to General Order 22-05, the Plaintiff in this case is identified and referenced solely be first name and last initial.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rules of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as Defendant in this case.

Judge's report which we address below, conducting a de novo review of those portions of the report to which she objects, in accordance with 28 U.S.C. § 636(b)(1)(C).

I.      Standard of Review

The Court conducts a de novo review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed timely and specific objections. Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1). A district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific; that is, that "pinpoint those portions of the magistrate's report that the district court must specifically consider," are entitled to de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.' *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services,* 932 F.2d 505, 509 (6th Cir. 1991))." *Arroyo v. Comm'r of Soc. Sec.*, No. 14-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016). Additionally, a claim which is raised for the first time in objections to the Magistrate Judge's report is deemed waived. *Swain v. Comm'r of Soc. Sec.,* 379 F. App'x 512, 517-18 (6th Cir. 2010)(internal citations omitted).

The task in reviewing the ALJ's findings is limited to determining whether they are supported by substantial evidence and made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(h). Substantial

evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008)(internal quotation marks omitted). The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)(internal citations omitted).

II.      Analysis

Tina S. was forty-two years old on September 6, 2016, the alleged disability onset date. She has a high school education and previously worked as a cook, van driver, home health aide and cleaner. She lives with her father and brother. Administrative Record, DN 13, PageID #27, 53, 91. The ALJ determined that Tina S. has not engaged in substantial gainful activity since September 6, 2016 and is unable to perform any past relevant work. DN 13, PageID #82, 91.

Tina S. alleges that she became disabled as of September 6, 2016 due to "Back issues, Borderline personality D/O, Bi-Polar D/O Type 2, Social Anxiety, Chronic Depression, [and] Detached Retina." DN 13, PageID #154. Her claim was initially denied on January 4, 2017 and on reconsideration on June 16, 2017. DN 13, PageID #186-187, 222-223. On October 23, 2018, a hearing was held on Tina S.'s application. DN 13, PageID #133. On December 26, 2018, ALJ Pickett found Tina S. not disabled. DN 13, PageID #227-237. Tina S. requested review of the decision and the Appeals Council vacated the decision, remanding the case to the ALJ on December 19, 2019 for another hearing and issuance of a new decision. DN 13, PageID #245-247.

Tina S. was given a hearing on May 6, 2020 at which she and vocational expert Lauren G. Wright testified. DN 13, PageID #99-153. Tina S. was represented by a non-attorney

representative at the hearing. *Id.* ALJ Pickett denied the application on March 21, 2020, finding that Tina S. was not disabled. DN 13, PageID #80-92. The ALJ found she had the Residual Functional Capacity to perform medium work with various limitations and that jobs exist in significant numbers in the national economy that she could perform. DN 13, PageID #91. Tina S. sought review of the decision which was denied by the Appeals Council on February 22, 2021. DN 13, PageID #65. The ALJ's decision thus became the final decision of the Commissioner. This timely appeal followed.

The ALJ issued a written opinion evaluating the evidence under the required 5-step process and decided that "[b]ased on the application for a period of disability and disability insurance benefits filed on September 6, 2016, the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act. Based on the application for supplemental security income filed on September 6, 2016, the claimant is not disabled under section 1614(a)(3)(A) of the Social Security Act." DN 13, PageID #92. The final decision of the Commissioner is subject to review by this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c).

The Magistrate Judge's report reviews the administrative record and the ALJ's analysis in detail finding that the Commissioner's decision was supported by substantial evidence in the record and that it complied with the applicable regulations. In this opinion, we address only specific errors allegedly made by the Magistrate Judge in her review of ALJ Pickett's decision.

An individual will be considered "disabled" if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

The ALJ found that Tina S. has the severe impairments of "degenerative disc disease, obesity, status-post eye surgery for cataracts and detached retinas, affective disorder, anxiety disorder, and personality disorder. (20 CFR 404.1520(c))" and that "[t]he above medically determinable impairments significantly limit the ability to perform basic work activities as required by SSR 85-28."   DN 13, PageID # 83.  Tina S. does not object to these findings. Her allegations of error in the ALJ's decision are directed to the ALJ's evaluation of these severe impairments in determining her RFC and additionally to the Step Five analysis that flowed from that RFC finding.

> The ALJ concluded:
>
> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(b) and 416.967(c) except the claimant is able to climb ramps and stairs frequently.  The claimant is able to climb ladders, ropes or scaffolds occasionally.  The claimant is able to stoop frequently.  The claimant should perform work that allows for vision with only one eye (monocular vision).  The claimant is able to understand, remember and carry out simple instructions with little requirements for independent judgment or decision-making with little variation.  The claimant is able to perform this work for two-hour segments over an eight-hour workday for five days a week.  The claimant is capable of tolerating occasional contact with supervisors, coworkers and the general public occasionally. The claimant can adapt to the expected and familiar changes and pressures of a routine wok setting.

DN 13, PageID # 85-86.

In determining Tina S.'s Residual Functional Capacity, the ALJ noted that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 16-3p" and "also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927." *Id.* at 86.

The Magistrate Judge provided a comprehensive discussion of the ALJ's analysis and the substantial evidence supporting the ALJ's findings. In her objections, Tina S. takes issue with a number of aspects of the ALJ's decision and the conclusion by the Magistrate Judge that no error exists as to these matters which requires remand.

A. Evaluation of Non-treating Sources

Tina S. takes issue with the ALJ's decision to afford little weight to the medical source statements of APRNs Williams, Medley and Navarette. While she agrees that the APRNs did not qualify as "acceptable medical sources" under the applicable (pre-March 27, 2017) regulations and additionally that no exhaustive factor-by-factor analysis was required to comply with the regulation, she nonetheless contended that the ALJ did, in fact, fail to consider the requisite factors before rejecting their statements.

The ALJ's specific reference to these statements was made summarily, noting that little weight was given to them because the statements "indicate extreme limitations that are not consistent with the conservative, limited treatment and improvement documented within the treatment notes, as well as normal findings (Exhibits 9F, 13F, 14F, and 16F)." DN 13, PageID #90. The Magistrate Judge spent six pages of her report (DN 24, PageID #936-941) meticulously identifying where in his decision ALJ Pickett cited the "improvement" documented in "treatment notes" and "normal findings" that he found were inconsistent with the extreme limitations noted in the APRN statements. The Magistrate Judge correctly concluded that "[a]lbeit brief, ALJ Pickett's analysis of weight for Claimant's three APRN opinions, along with his findings elsewhere in the RFC, permit the Court to follow his reasoning." DN 24, PageID #941. Indeed, the ALJ's analysis may properly be found elsewhere in the decision and "it is enough for the ALJ to support his findings by citing an exhibit where the *exhibit* contained substantial evidence to support his conclusion." *Forrest v. Comm'r of*

*Soc. Sec.,* 591 Fed. App'x 359, 366 (6th Cir. 2014)(emphasis in original, citing *Burbridge v. Comm'r of Soc. Sec.,* 572 Fed.Appx. 412, 417 (6th Cir.2014)).

Contrary to Tina S.'s contention that the Magistrate has "re-weighed the evidence and attempted to create a logical bridge that the ALJ did not himself make" (DN 25, PageID #952), the Magistrate Judge's opinion operates as a roadmap through the ALJ's extensive discussion of the substantial record evidence which is inconsistent with the APRN statements.

Additionally, she contends that the ALJ erred in failing to consider possible reasons for her limited treatment before relying upon limited treatment as a rationale for affording little weight to the APRN opinions. The Magistrate Judge stated that,

> Without a doubt, ALJ Pickett's finding that Claimant's reported symptoms were not consistent with the record was pervasively influenced by Claimant's perceived "conservative treatment." When considering Claimant's lower back pain, ALJ Pickett discussed that despite reporting back pain for four years, Claimant didn't see a physician or undergo imaging procedures. (Tr. 23). ALJ Pickett twice noted Claimant's refusal to attend physical therapy for her lower back. ALJ Pickett concluded that Claimant's conservative treatment, along with other factors, did not warrant additional limitations. (*Id.*).
>
> While evaluating evidence of Claimant's mental impairments, ALJ Pickett again emphasized gaps in her treatment. "Despite claimant's allegations that mental health impairments are what prevent her from working, she has not consistently sought mental health treatment." (Tr. 24). ALJ Pickett also noted Claimant was not receiving psychiatric treatment or taking psychotropic medicine in December of 2016; did not report anxiety to her treating physician until March of 2017; and was not undergoing therapy in April od 2018 or October of 2018. (Tr. 25-26). Then, in weighing the opinion evidence of record, ALJ Pickett found four opinions were entitled to "little weight" due, in part, to the opined limitations being inconsistent with Claimant's conservative treatment. (Tr. 26).

DN 24, PageID #944-945.

However, this Court agrees with the Magistrate Judge's conclusion that "the ALJ's failure to consider 'possible reasons' for Claimant's conservative treatment [constituted] harmless error." DN 24, PageID #945. The Magistrate Judge explained that "ALJ Pickett did not rely only on Claimant's conservative treatment in finding Claimant's subjective statements were inconsistent…ALJ Pickett

instead considered a host of factors, as required by SSR 16-3p." *Id.* Specifically, the Magistrate Judge noted:

> As to Claimant's allegations of lower back pain, ALJ Pickett also found the severity to be inconsistent with fairly normal treatment notes, repeated finding of normal gait, and with mild imaging findings. (Tr. 23). Similarly, ALJ Pickett found the severity of Claimant's alleged mental impairments was inconsistent with treating notes documenting improvement with medication and counseling sessions and with Claimant's consistent reports of stable and euthymic mood and effective toleration of her medication. (Tr. 25). ALJ Pickett's analysis of Claimant's subjective statements, therefore, complied with the regulations and was supported by substantial evidence.

*Id.*

The Magistrate Judge also noted that the ALJ's decision evidences that he was, in fact, aware of Claimant's social difficulties and aversion to doctors and going out in public, as he stated earlier in the decision that "Claimant reports that she has difficulty dealing with people, has unstable interpersonal relationships, appears to isolate herself from others, does not like crowded places, and has panic attacks when she goes to the doctor." DN 24, PageID #946. The ALJ's failure to explicitly itemize possible reasons for Tina S.'s conservative treatment was properly found to be harmless error, as the itemization of possible reasons was made elsewhere in the decision.

Tina S.'s objection to the Magistrate Judge's analysis on this point states only that remand is required because Tina S.'s limited treatment was used by the ALJ as "one of the main reasons" for discounting three medical opinions. As noted by the Commissioner, this argument fails to account for the substantial evidence other than limited treatment that was cited and relied upon by the ALJ. Thus this objection is without merit.

B.  RFC concerning Visual Impairments

In concluding that Tina S. had the Residual Functional Capacity to perform medium work, ALJ Pickett limited Tina S. to performing work that allows for vision with only one eye (monocular vision). In reaching this determination, the ALJ noted Tina S.'s 2020 hearing testimony:

> The claimant testified that she has not worked since the amended alleged onset date. She reported that she drives occasionally approximately twice a month to go to the corner store and back home. The claimant stated it is a six-mile drive. She testified that when she drives, she has problems reading the signs and she has trouble parking. The claimant does not have any restrictions on her driver's license but she does wear glasses. The indicated that she is almost blind in her right eye, she has problems with depth perception and she has difficulty seeing far away. The claimant testified that she does not read books anymore because she cannot see the words. She reported that her vision is blurred early in the morning and before she goes to bed. The claimant stated that she does not have pain in her eyes but she would have trouble focusing for eight hours a day while working with small objects. She testified that she has issues walking at home because she will trip due to difficulty seeing. The claimant reported that she has undergone surgery on her eyes and they continue to monitor her cataracts.

DN 13, PageID #86. He noted the following record evidence:

> In terms of the claimant's vision impairment, the undersigned limited the claimant to work that involved only the vision of one eye, based on treating notes and the claimants hearing testimony that she is almost blind in her right eye. The claimant had the removal of a cataract of the right eye in October of 2016 (Exhibit 3F). At a follow-up visit, she reported that she was doing great with no discomfort (Exhibit 4F). She reported undergoing surgery for bilateral detached retinas, which is documented in the record (Exhibits 4F and 5F). At a later visit, she stated that she had a burning and throbbing feeling in her right eye (Exhibit 4F). The claimant indicated permanent vision loss in her right eye (Exhibit 5F). At the time of the consultative exam in December of 2016, she wore a contact in her left eye but not her right and she was going to see her physician about glasses to help her right eye possibly (Exhibit 5F). The claimant has 20/200+ vision in her right eye, but 20/50 in her left and 20/70 bilaterally (Exhibit 5F). In March of 2017, the claimant's right eye issues were considered stable (Exhibit 9F). The claimant underwent a retinal break laser procedure of the left eye in May of 2017 (Exhibit 12F). Following surgery that month, the claimant visited her physician for a follow-up for her eye laser surgery for her retinal tears (Exhibit 13F). She was recovering without complaints and her vision was good (Exhibit 13F). The claimant underwent her yearly retina check in July of 2018 (Exhibit 15F). There were no noticeable changes or problems since her last visit (Exhibit 15F). Her vision was stable and she was doing well (Exhibit 15F). The claimant's vision was 20/25 in her left eye (Exhibit 15F).

> Her eyes were stable in January of 2019 (Exhibit 20F). Her vision remained stable in July of 2019 (Exhibit 20F). In her right eye, she did experience light flashes, but in her left eye, she experienced no light flashes or new floaters (Exhibit 20F). Based on her vision stability following surgery, the vision capabilities of her left eye and her combined vision, in addition to the testimony that the claimant is capable of driving short distances, the undersigned finds that only a limited to work involving one eye is supported and consistent with the record (Exhibits 4F, 5F, 9F and 15F).

DN 13, PageID #88.

Tina S. contended that the ALJ failed to specifically assess her visual impairments in terms of work-related functions pursuant to SSR 96-8p. Additionally she claims that he improperly "played doctor" by engaging in a lay interpretation of the medical data to find that she did not have limitations in her left eye and could perform medium jobs with monocular vision. She contended that because the only professional medical opinion concerning her vision was from a number of years before, the ALJ's finding that Tina S.'s left eye was unimpaired was necessarily the ALJ's own lay opinion of the evidence. DN 20, Page ID #898-900.

The Magistrate Judge found that

> ALJ Pickett complied with SSR 96-8p's requirements and the Appeals Council's remand order[3] by thoroughly discussing subjective and objective evidence relating to Claimant's visual impairments. Because ALJ Pickett determined Claimant had no functional limitations relating to her left eye vision, he did not impose any work-related functions. The Court does not read SSR 96-8p to require ALJ Pickett to state verbatim functions relating to 'large or small objections [sic], following instructions, and avoiding hazards,' where no such functional limitations are reflected in the record. Nor does the Court find ALJ Pickett improperly played doctor in reviewing the record evidence.

DN 24, PageID #948.

In her objections, Tina S. opines that that the ALJ "wholly ignored the visual limitations in her other, left eye that would also interfere with her ability to work." DN 25, PageID #954. She merely reiterates her earlier argument and criticizes the Magistrate Judge's decision finding no error in the ALJ's analysis. The Magistrate Judge correctly noted that the ALJ thoroughly discussed the subjective and objective evidence relating to Tina S.'s visual impairments. The ALJ did not ignore

---

[3] To the extent Tina S. contends that there was error in the ALJ's 2020 decision finding that she could perform work at a medium exertional level because his 2018 decision limited her to jobs at a light exertional level, the argument is without merit. The Appeals Council vacated the 2018 decision. The 2020 decision based upon the down-to-date record and 2020 hearing testimony was rendered anew and the 2020 decision became the final decision of the Commissioner.

evidence. Rather, Tina S. objection is based upon the ALJ's review which included the evidence but which did not yield a finding of greater limitation.

Finally, the Magistrate Judge properly rejected Tina S.'s contention that the ALJ "played doctor" because there was no recent medical opinion for him to rely on concerning any impairment in her left eye. Instead she asserted that he engaged in a "lay interpretation" of "raw medical data." She argues this again in her objections to the Magistrate Judge's report. The ALJ cited the objective evidence of record concerning the vision in each eye and her combined vision. In part, he noted that her eyes were stable in July 2018, January 2019, and July 2019, and determined, "[b]ased on her vision stability following surgery, the vision capabilities of her left eye and her combined vision, in addition to the testimony that claimant is capable of driving short distances," that "only a limited [sic] to work involving one eye is supported and consistent with the record (Exhibits 4F, 5F, 9F, and 15F)." DN 13, PageID #88. The claimant bears the burden of providing written evidence, including medical opinion evidence, to the ALJ in support of her claim. SSR 17-4p ("[C]laimants and their appointed representatives have the primary responsibility under the Act to provide evidence in support of their disability or blindness claims. Consequently, we expect claimants and their representatives to make good faith efforts to ensure that we receive complete evidence."). Tina S. did not provide any recent medical opinion concerning the purported additional left eye limitation. The ALJ found Tina S. capable of work requiring monocular vision, as the limitation with respect to the right eye but not the left was found substantiated in the record. We find no error in this determination. Thus the Magistrate Judge correctly found that the ALJ's determination of Tina S.'s RFC was legally correct and supported by substantial evidence. Tina S.'s objection on this basis is denied.

III.    Conclusion

Review of the ALJ's decision and the Magistrate Judge's report satisfies this Court that the Magistrate Judge thoroughly considered and addressed Tina S.'s arguments. We find no error in the Magistrate Judge's analysis and conclusions. For these reasons, the Court concludes that Magistrate Judge's report was correct in concluding that ALJ Pickett's decision is legally sound and supported by substantial evidence. Tina S.'s objections to the Magistrate Judge's report are without merit and will be overruled. The Magistrate Judge's report will be accepted and adopted in its entirety. A separate order and judgement will be entered this date in accordance with this opinion.

September 30, 2022

Charles R. Simpson III, Senior Judge
United States District Court

**IT IS SO ORDERED.**

-12-